**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Salazar, | No. CV-16-08201-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Arturo Flores, et al., | |
| Defendants. | |

Plaintiff Mario Salazar filed suit against Defendants Arturo Flores and Lily Transportation for injuries sustained in a motor vehicle collision (Doc. 1). Defendants now move for partial summary judgment on Plaintiff's claims for negligent entrustment and negligent hiring, supervision, and training (collectively "negligent entrustment" or the "negligent entrustment claims") (Docs. 44, 48, 49). The Court rules as follows.

**I.     Background**

In May 2014, Plaintiff was sleeping in his truck, parked in a lot next to a service station in Wikieup, Arizona (Doc. 45 at ¶ 1; Doc. 47 at ¶ 1). Defendant Flores, who was operating a commercial vehicle leased to Defendant Lily Transportation, entered that same parking area and collided with Plaintiff's right rear bumper (Doc. 45 at ¶¶ 2-3; Doc. 47 at ¶¶ 2-3). Plaintiff filed a four-count complaint alleging: (1) negligence; (2) vicarious liability; (3) negligent entrustment; and (4) negligent hiring, supervision, and training.

Defendants argue that because Lily Transportation has admitted that Flores was operating his vehicle within in the course and scope of his employment, Plaintiff's direct

negligence claims against Lily Transportation (the negligent entrustment claims) are subsumed by Plaintiff's vicarious liability claim (Doc. 44 at 2-6). Defendants further argue there is no dispute of material fact as to negligent entrustment, as Plaintiff has failed to disclose any witnesses or evidence to support its claims (Doc. 44 at 6-7).

**II. Legal Standard**

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party moving for summary judgment bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322. If the movant meets its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (citation omitted).

**III. Analysis**

**A. Direct Negligence Claims**

Defendants argue that because Lily Transportation has admitted that Flores was operating his vehicle within in the course and scope of his employment, under Arizona law, Plaintiff's negligent entrustment claims are subsumed within the claim for vicarious liability. Defendants' argument is based on the Arizona Supreme Court case of *Lewis v. Southern Pacific Company*, which found that Arizona does not recognize claims of negligent entrustment separate and apart from vicarious liability:

> If the defendant employees were actually negligent at the time

> of the accident and proximately caused the accident, this is sufficient to establish the [employer's] liability. But the failure of an employer to hire only competent and experienced employees does not of itself constitute an independent ground of actionable negligence.

425 P.2d 840, 841 (Ariz. 1967). Since *Lewis*, however, subsequent cases decided by the Arizona Court of Appeals have found *Lewis*' holding "no longer represents the law in Arizona on this subject." *Quinonez in re Quinonez v. Andersen*, 144 Ariz. 193, 197 (Ariz. Ct. App. 1984); *cf. Pruitt v. Pavelin*, 685 P.2d 1347 (Ariz. Ct. App. 1984) (reading *Lewis* narrowly); *see also Brill v. Lawrence Transp. Co.*, No. CV-17-01766-PHX-JJT, 2018 WL 6696815, at *2 (D. Ariz. Dec. 20, 2018) ("[T]he Court finds that *Lewis* is not controlling in this matter and Arizona law allows Plaintiff to allege direct liability claims in addition to claims of vicarious liability."); *Ford v. Barnas*, No. CV-17-02688, 2018 WL 5312912, at *7 (D. Ariz. Oct. 26, 2018) (finding *Quinonez*, and not *Lewis*, to be controlling); *Russell v. Flores*, No. CV-14-02474-TUC-RM (EJM), 2017 WL 564969, at *6 (D. Ariz. Jan. 10, 2017) ("While *Lewis* has not been explicitly overruled, as Plaintiff correctly notes, 'no published decision has cited to *Lewis* since *Quinonez*.'"). The Court agrees.

First, the Court finds *Lewis* to be distinguishable as the employees in that case were not found negligent, and as a result, any direct negligence by the employer in hiring those employees could not be a proximate cause of the plaintiff's injuries. 425 P.2d at 841. The Court is also not persuaded by Defendants' limited reading of *Quinonez* as only allowing both claims to proceed when there is a viable punitive damages claim. The Arizona Court of Appeals did not restrict its holding to only such a circumstance. *See Ford*, 2018 WL 5312912, at *8.

Furthermore, since the decision in *Lewis* was decided in 1967, Arizona has adopted new theories of comparative negligence and joint and several liability. *See* A.R.S. § 12-2501. Defendants nevertheless argue that a direct liability claim subjecting Lily Transportation to an additional portion of fault would create an inequity. *See Diaz v. Carcamo*, 253 P.3d 535, 543-44 (Cal. 2011) ("To assign the employer a share of fault greater than that assigned to the employee whose negligent driving was the cause of the

accident would be an inequitable apportionment of loss."). The Court finds Defendants argument to be unavailing, however, as it relies on arguments promulgated by the majority approach. Arizona has adopted the minority approach. *See Finkle v. Regency CSP Ventures Ltd. P'ship*, 27 F.Supp.3d 996, 999-1000 (D. S.D. 2014) (examining the jurisdictions following the majority and minority rules). Accordingly, the Court must apply Arizona law. *See, e.g.*, *Joseph v. Dillard's, Inc.*, No. CV-08-1478-PHX-NVW, 2009 WL 5185393, at *18 (D. Ariz. Dec. 24, 2009) (noting that Arizona follows the Restatement (Second) Agency with regard to negligent hiring and supervision); *Rashedi v. Gen. Bd. Of Church of Nazarene*, 54 P.3d 349, 351 (Ariz. Ct. App. 2002) (not deciding the issue but allowing direct negligence claims under respondeat superior to proceed).

Because the Court finds that *Quinonez* applies, Plaintiff is permitted bring both vicarious liability and direct negligence claims under Arizona law.

**B. Admissible Evidence**

Defendants also argue that Plaintiff has failed to present any evidence that Lily Transportation's alleged negligent acts were a proximate cause of Plaintiff's accident and injuries, and claim that Plaintiff cannot prevail absent a showing of causation. In response, Plaintiff alleges that a jury could reasonably conclude that Lily Transportation undertook no steps to ensure that Flores was suitable to operate a commercial vehicle on the highway.

Arizona follows the Restatement with regard to negligent hiring, supervision, and training:

> It is negligence to use an instrumentality, whether a human being or a thing, which the actor knows or should know to be so incompetent, inappropriate, or defective, that its use involves an unreasonable risk of harm to others.

Restatement (Second) of Torts § 307 (1965). A person is liable for harm resulting from a servant or other agent's conduct if he is negligent or reckless in the following circumstances:

> (a) in giving improper or ambiguous orders or in failing to make proper regulations; (b) in the employment of improper persons or instrumentalities in work involving risk of harm to

4

> others; (c) in the supervision of the activity; or (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

Restatement (Second) of Agency § 213 (1958). Before an employer may be held liable, "a court must first find that the employee committed a tort." *Kuehn v. Stanley*, 91 P.3d 346, 352, ¶ 21 (Ariz. Ct. App. 2004). Once a tort is ascertained, "[l]iability results . . . not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment." Restatement (Second) of Agency § 213, cmt. d. Ultimately, for the negligence claims to lie, Plaintiff must show that Lily Transportation must have known or had some reason to know that Flores was incompetent prior to hiring him, that Lily Transportation failed to properly supervise him despite that knowledge, and that any lack of training was a proximate cause of Plaintiff's injuries.

To support their negligent entrustment claims, Plaintiff cites to the following evidence: (1) there is no indication of any pre-employment background check, driving record check, prior employment check, or confirmation that Flores had a Commercial Driver's License ("CDL");[1] (2) Flores only completed a road test, received a Driver Safety Handbook, and took a drug test *after* the accident;[2] and (3) Flores received a citation in 2012 (Doc. 48 at 3; Doc. 47 at 4-6, ¶¶ 7-13). Plaintiff concludes that based on that evidence, a jury could find that Lily Transportation did nothing to ensure that Flores was capable of operating a commercial vehicle.

The evidence, however, does not support a finding that Lily Transportation's alleged negligence proximately caused the subject accident. Nothing in the evidence suggests that any pre-employment checks or pre-employment testing would have provided Lily Transportation with any notice of Flores' alleged incompetence, or uncovered any prior

---

[1] Flores' employment record appears to include a copy of his CDL. The CDL was issued on July 5, 2011 and expired on July 15, 2016 (Doc. 47-1).

[2] The road test evaluation indicates that Flores' performance was satisfactory (the highest rating provided for on the form) and his drug test was negative (Doc. 47-1).

conduct indicating that Flores was unfit for operating a commercial vehicle. At most, Plaintiff points to one citation from 2012. Plaintiff does not, however, indicate how this citation is relevant to the instant action, how it supports a finding of negligence, or how it demonstrates that Flores was unfit for employment or necessitated additional supervision and training.

In sum, this Court finds that Plaintiff has failed to put forth sufficient facts to defeat summary judgment on the negligent entrustment claims. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 44) is **granted**.

Dated this 18th day of March, 2019.

Honorable Steven P. Logan
United States District Judge