Phillip H. Stanfield, Bar #011729
Joel W. Habberstad, Bar #031588
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7877
pstanfield@jshfirm.com
jhabberstad@jshfirm.com

Attorneys for Defendants Arturo Flores and
Lily Transportation

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Salazar, <br><br> Plaintiff, <br><br> v. <br><br> Arturo Flores; Lily Transportation; Ryder Transportation Services; I through X and Roe Corporations I through X, <br><br> Defendants. | NO. 3:16-cv-08201-SPL <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 RE: DEFENSE EXPERT CHARLES P. DICKERSON** |

Defendants Arturo Flores and Lily Transportation ("Defendants") respectfully request the Court deny Plaintiff's Motion *in Limine* No 1., regarding Charles P. Dickerson. The Motion should be denied in its entirety because Mr. Dickerson is properly qualified to offer opinions regarding his reconstruction of the accident and his opinions are the product of reliable principles and methods that were properly applied.

**I.   STANDARD**

Under the Federal Rules of Evidence, expert testimony is admissible if it: (1) comes from a qualified expert, (2) is reliable, (3) will aid the trier of fact in evaluating and understanding matters not within their common experience, and (4) has a probative value that equals or outweighs its prejudicial effect. *Fed. R. Evid*. 403, 702-03. Additionally, for purposes of this motion, the focus of the Court's inquiry is not whether

7800838.1

the expert's opinion has the best foundation or whether he is correct, but whether his opinions are based on valid reasoning or methodology. *Dukes v. Wal-Mart, Inc.,* 509 F.3d 1168, 1179 (9th Cir. 2007). Further, an expert is allowed to base his opinion on facts and data from: (1) facts admitted into evidence; (2) facts personally perceived by the expert; and/or (3) facts of a type reasonably relied upon by experts in a particular field. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1061 (9th Cir. 2003). Any challenge to the facts used or not used by an expert goes to the weight of that expert's testimony, not its admissibility. *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). Criticism of the basis for an expert's opinion should be explored on cross-examination. *Id.*

      **A.**    **Mr. Dickerson's methodology in forming his opinion was based on facts reasonably relied upon by accident reconstruction experts[1]**

Plaintiff's main objections to Mr. Dickerson's methodology appears to be that: 1) he did not review Mr. Flores' deposition testimony; and 2) he did not physically inspect the subject vehicles, but instead relied on photographs.

As an initial matter, Defendants have admitted Mr. Flores collided with Plaintiff's vehicle. It is clear from the physical evidence the collision occurred, and Mr. Dickerson opines as much. In his deposition, Mr. Flores stated merely that he had doubts whether his vehicle collided with Plaintiff's vehicle. [See **Ex. B**, Flores Deposition Transcript, pg. 32, ln. 5] He based this belief on the limited damage to Plaintiff's vehicle [See **Ex. B**, pg. 32, lns. 9-11] and the fact he did not hear the collision [See **Ex. B**, pg. 197, lns. 13-15] However, Defendants are not asserting the collision did not occur, therefore Mr. Flores' testimony that he did not hear or feel the collision, would not be helpful, or necessary, for Mr. Dickerson to form his opinions.

Plaintiff also asserts Mr. Dickerson's methodology was not valid because he did not physically inspect the vehicles. However, Mr. Dickerson personally measured and

---

[1] Plaintiff does not appear to allege Mr. Dickerson is unqualified to offer his opinions based upon a lack of education or experience. However, in an abundance of caution, Defendants have attached Mr. Dickerson's CV as **Exhibit A**, indicating he has over 28 years of experience in accident reconstruction.

photographed the accident scene, and reviewed numerous color photographs of the subject vehicles, providing a solid foundation for his analysis. Furthermore, Plaintiff testified that subsequent to the accident, in an attempt to "fix" his vehicle, he drove it into a cement wall to see "if he could push [the bumper] a little bit further in." [See **Ex. C**, Plaintiff Deposition Transcript, pg. 67, lns. 10-13] Based upon this attempted corrective action, the photographs are a more reliable depiction of the damage caused to Plaintiff's vehicle, as the vehicle had not been altered at the time the photographs were taken.

The use of photographs is a common practice in the field of accident reconstruction, as many times the subject vehicles are not available, or completely destroyed. Therefore, Mr. Dickerson's analysis is based upon evidence that normally would be relied upon by experts in the field. Furthermore, because of Plaintiff's attempted self-repair of his vehicle, the use of the photographs are more reliable as they are a more accurate depiction of the damage caused by the accident. Correspondingly, Mr. Dickerson's methodology is valid.

  **B.**  **Mr. Dickerson is not offering an opinion on Plaintiff's alleged injuries or physical condition**

Plaintiff also objects to Mr. Dickerson's testimony because he claims Mr. Dickerson is not a doctor, and knows nothing about Plaintiff's alleged injuries, and therefore should not be able to opine on an ultimate issue to be decided by the jury, presumably whether the accident caused Plaintiff's alleged injuries. However, Mr. Dickerson is not offering an opinion on causation, nor on Plaintiff's alleged injuries. Therefore, Plaintiff's objections are unfounded.

Mr. Dickerson is qualified to offer opinions on accident reconstruction, and his testimony will aid the trier of fact in understanding the forces involved in the accident, which is most likely not within their common experience.

Based upon the foregoing, Defendants respectfully request the Court deny Plaintiff's Motion in Limine No. 1.

7800838.1            3

DATED this 13th day of August 2019.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ Joel W. Habberstad*
Phillip H. Stanfield
Joel W. Habberstad
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendants Arturo Flores and Lily Transportation

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Raquel L. Auriemma

7800838.1

4