**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Salazar, | No. CV-16-08201-PCT-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Arturo Flores, et al., | |
| Defendants. | |

Before the Court are ten motions in limine filed by both Plaintiff Mario Salazar (the "Plaintiff") and Defendants Arturo Flores ("Flores") and Lily Transportation (together, the "Defendants"). Each of the motions in limine was fully briefed on or before August 13, 2019. On August 27, 2019, the Court held a final pretrial conference and heard oral argument on all of the pending motions in limine. The Court's rulings are as follows.

**I.   Background**

On May 20, 2014, the Plaintiff was parked at a rest stop in Wikieup, Arizona, when a semi-truck operated by Flores collided into the Plaintiff's vehicle. (Doc. 1 at 8) The Plaintiff was injured by the collision and incurred medical costs. (Doc. 1 at 9) The semi-truck was owned by Flores' employer Lily Transportation. (Doc. 1 at 8) The Plaintiff initiated this lawsuit seeking to recover damages on claims for negligence, negligent entrustment, and negligent hiring, among other claims. (Doc. 1 at 8–12)

## II. Analysis

### A. Defendants' Motion in Limine to Exclude Evidence of Defendant Arturo Flores' Employment with Lily Transportation (Doc. 55)

The Defendants seek to exclude evidence related to Flores' employment with Lily Transportation beyond the plain fact that Flores was employed by Lily Transportation at the time of the collision. (Doc. 55 at 1) Specifically, the Defendants seek to exclude evidence of Flores' "driver's qualification file," personnel file, employment records, or any of Flores' deposition testimony regarding Lily Transportation's safety or training policies under Federal Rules of Evidence ("FRE") 402 and 403. (Doc. 55 at 2) The Defendants admit that Lily Transportation is vicariously liable for the actions of Flores, and, on March 18, 2019, the Court granted the Defendants' motion for partial summary judgment on the Plaintiff's negligent entrustment claim. (Doc. 55 at 1; Doc. 51) The Defendants argue that no other additional evidence related to Flores' employment is relevant.

In response, the Plaintiff argues that the Defendants' motion is premature, as the Court should decide whether Flores' employment file is relevant during trial. (Doc. 117 at 2) The Plaintiff also argues that evidence related to Flores' employment with Lily Transportation is relevant to the Plaintiff's claims for vicarious liability and negligence. (Doc. 117 at 2–3) Thus, the Plaintiff argues that the motion should be denied.

The Court finds that excluding all evidence related to Flores' employment with Lily Transportation is premature at this time. There are several instances in which the information available in Flores' employment file may be relevant to the issues in this case. For example, the Plaintiff's negligence claim requires the Plaintiff to prove that Flores breached a duty that ultimately caused the Plaintiff's injuries. Issues related to Flores' employment with Lily Transportation could provide valuable insight into whether a breach occurred. Thus, the Court finds that evidence of Flores' employment with Lily Transportation is relevant and admissible under FREs 402 and 403. Accordingly, the motion will be denied without prejudice to renewed specific objections.

### B. Defendants' Motion in Limine to Exclude Evidence of Plaintiff's Future

**Medical Care (Doc. 56)**

The Defendants seek to exclude testimony from witnesses Dr. Maryann Shannon and Dr. Raimundo Leon on the topic of the Plaintiff's future medical care. (Doc. 56 at 1) The Defendants argue that Dr. Shannon and Dr. Leon's opinions provide speculative conclusions about care that the Plaintiff "may" receive in the future, and the speculative conclusions do not rise to the reasonably probable standard required for their admissibility. (Doc. 56 at 2–3) In response, the Plaintiff argues that the motion is premature, and the Court should address specific objections to Dr. Shannon and Dr. Leon's testimonies at trial. (Doc. 123 at 3) The Plaintiff argues that the expert reports at issue were disclosed when the Plaintiff was actively seeking medical treatment. (Doc. 123 at 3) The Plaintiff also argues that the Defendants' attack on Dr. Leon's opinion does not consider supplemental reports issued by Dr. Leon after the Plaintiff's initial expert disclosure, and the Defendants' attack on Dr. Shannon's testimony solely relies on her use of the word "may" throughout her expert report. (Doc. 123 at 2–3) Thus, the Plaintiff argues that the motion should be denied.

Ariziona law prohibits juries from relying on speculation to make decisions about future medical expenses. *Saide v. Stanton*, 659 P.2d 35, 36 (1983) (stating "Arizona courts have consistently followed the rule that in order for a trial court to properly submit the question of future medical expenses to the jury, the need for future care must be reasonably probable and there must be some evidence of the probable nature and cost of the future treatment.") The Court finds that the expert reports provided by Dr. Shannon and Dr. Leon provide opinions that demonstrate that the Plaintiff requires care that is reasonably probable to be incurred in the future. For example, Dr. Shannon's opinion states that "[f]uture medical needs may include further intermittent sympathectomy and/or injections of the cervical spine," and "the need for physical therapy would be approximately 3 weeks per year." (Doc. 56-1 at 8) Similarly, Dr. Leon's report stated that further treatment would be necessary in the form of repeat MRIs and electrodiagnostic studies. (Doc. 56-2 at 11) The Court finds that any issues related to testimony by Dr. Shannon or Dr. Leon are more effectively addressed through specific objections at trial. Accordingly, the motion will be

3

denied without prejudice to renewed specific objections.

## C. Defendants' Motion in Limine to Exclude Evidence of the Costs of Plaintiff's Future Medical Care (Doc. 57)

The Defendants seek to exclude testimony from witness Dr. Maryann Shannon regarding the costs of the Plaintiff's future medical care. (Doc. 57 at 1) Dr. Shannon estimated that the Plaintiff would need a spinal cord stimulator procedure performed, and the cost of that procedure is approximately $100,000. (Doc. 57 at 1) Dr. Shannon also opined that the Plaintiff would need the spinal cord generators changed every five years. (Doc. 57 at 1) The Defendants argue that any evidence of the Plaintiff's future medical costs should be excluded because Dr. Shannon's estimation was not reduced to present value. (Doc. 57 at 2) The Defendant argues that future damages that have not been reduced to present value are prejudicial under FRE 403. (Doc. 57 at 3) In response, the Plaintiff argues that Arizona law does not require that damages estimations be reduced to present value. (Doc. 122 at 2) The Plaintiff also argues that Dr. Shannon's estimation was stated in present value; thus, the Plaintiff argues that the motion should be denied. (Doc. 122 at 2). Because the Plaintiff represents that the damages at issue were stated in present value, the motion will be denied as moot.

## D. Defendants' Motion in Limine to Exclude Rebuttal Testimony from Dr. Raimundo Leon (Doc. 58)

The Defendants seek to exclude rebuttal testimony from Dr. Raimundo Leon on the opinions offered by the Defendants' expert on biomechanics, Douglas Moor. (Doc. 58 at 1) The Defendants argue that Dr. Leon admits to having no training in biomechanics, which makes him unfit to provide a rebuttal opinion on any of Moor's testimony under FRE 702. (Doc. 58 at 2–3) The Defendants also argue that the Plaintiff filed a notice disclosing Brian Jones as the witness that would perform a biomechanical analysis and rebut the opinions of Moor; thus, the Defendants argue that any testimony from Dr. Leon would be duplicative in violation of FRE 403. (Doc. 58 at 3) In response, the Plaintiff argues that Dr. Leon's testimony regarding Moor's findings is proper because Dr. Leon may testify as to the

mechanism of injury for the Plaintiff's injuries. (Doc. 119 at 2) The Plaintiff argues that Dr. Leon can properly rely on the testimony of Jones to testify about the injuries caused to the Plaintiff as the result of the forces discussed by the biomechanical engineers. (Doc. 119 at 2)

The Court finds that the Plaintiff has failed to set forth any evidence to demonstrate that Dr. Leon has sufficient training and expertise in the area of biomechanics to testify as an expert in that area. Dr. Leon's resume reflects traditional medical training with no training, education or licensure in biomechanics. (Doc. 119-1 at 2–6) While it is appropriate for Dr. Leon to discuss the Plaintiff's injuries and any general causes of those injuries, such as a forceful impact, based on his medical training, Dr. Leon's training and qualifications fail to satisfy the requirements of FRE 702 for any testimony related to biomechanics. Accordingly, the motion will be granted.

### E. **Defendants' Motion in Limine to Exclude Evidence of Testimony from Dr. Raimundo Leon Regarding Plaintiff's Need for Shoulder Surgery (Doc. 59)**

The Defendants seek to exclude evidence related to Dr. Raimundo Leon's opinion that the Plaintiff needs shoulder surgery. (Doc. 59 at 1) The Defendants argue that Dr. Leon's opinion on shoulder surgery was untimely disclosed, as it was disclosed eight months after the rebuttal expert deadline passed. (Doc. 59 at 2) The Defendants argue that they are prejudiced by the untimely disclosure, and the Court should exclude any evidence of Dr. Leon's opinion regarding shoulder surgery pursuant to Federal Rule of Civil Procedure 37(c)(1). In response, the Plaintiff argues that Dr. Leon's opinions on the Plaintiff's need for shoulder surgery were not untimely because Dr. Leon's opinion was disclosed before the Court-imposed pretrial disclosure deadline of August 6, 2019. (Doc. 120 at 2) The Plaintiff also argues that its initial witness disclosure put the Defendants on notice that the Plaintiff was actively seeking medical treatment; thus, the Plaintiff argues that the motion should be denied. (Doc. 120 at 2)

The deadline for rebuttal expert disclosures in this case was September 17, 2017. (Doc. 23) Federal Rule of Civil Procedure 26(e)(2) states that any additions or changes to

the information provided in an expert report disclosed under FRCP 26(a)(2)(B) must be disclosed by the time the party's pretrial disclosures are due. Fed. R. Civ. P. 26(e)(2). Per the Court's Order (Doc. 54), the pretrial disclosure deadline in this case was August 6, 2019. (Doc. 54 at 2) The Defendants argue that Dr. Leon's opinion regarding the Plaintiff's shoulder surgery was disclosed on May 3, 2018, which is prior to the pretrial disclosure deadline. Because the opinion at issue was disclosed prior to the pretrial disclosure deadline, the motion will be denied.

### F. <u>Plaintiff's Motion in Limine to Exclude Testimony from Accident Reconstruction Expert Charles P. Dickerson (Doc. 66)</u>

The Plaintiff seeks to exclude testimony from the Defendants' accident reconstruction expert, Charles Dickerson, on the basis that Dickerson's testimony is not rooted in valid scientific reasoning. (Doc. 66 at 3) Specifically, the Plaintiff argues that Dickerson solely relies on photographs of the collision site to produce models to simulate probable outcomes of what happened at the collision site, rather than relying on his own observations or examining the vehicles involved, which is improper under FRE 702. (Doc. 66 at 3) The Plaintiff also seeks to exclude any testimony from Dickerson regarding the injuries caused to the Plaintiff. (Doc. 66 at 3) In response, the Defendants state that they do not plan to have Dickerson testify as to any of the Plaintiff's injuries. (Doc. 106 at 3) However, the Defendants argue that Dickerson's methodology for forming an expert opinion included personally measuring and photographing the collision scene and reviewing photographs of the vehicles, both of which are common practices in the field of accident reconstruction. (Doc. 106 at 2–3) Therefore, the Defendants request that the Plaintiff's motion to exclude Dickerson's testimony be denied.

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied

the principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Parsons v. Ryan*, 2014 WL 3721030, at 1 (D. Ariz. July 28, 2014). An expert opinion is reliable if based on proper methods and procedures, and the important consideration is the soundness of the expert's methodology. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence . . . [that otherwise] meets the standards of Rule 702." *Daubert*, 509 U.S. at 596. Expert opinion testimony is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline. *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

The Court finds that Charles Dickerson's expert testimony satisfies the requirements of FRE 702 and is admissible. The Defendants' primary complaint is that Dickerson relied on pictures of the accident scene to inform his opinion, rather than visiting the accident scene and taking his own measurements. The Defendants also argue that Dickerson did not review Flores' deposition. (Doc. 66 at 3) However, the Plaintiff argues that Dickerson "personally measured and photographed the accident scene, and reviewed numerous color photographs of the subject vehicles." (Doc. 106 at 3) Examining pictures of an accident scene is a traditional method used amongst experts to inform their scientific opinions. *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 815 (9th Cir. 2014). Thus, the Court finds that Dickerson's testimony is based upon sufficient facts and the product of reliable principals and methods. Finally, it is clear to the Court that Dickerson utilized his own pictures of the accident scene to inform his opinion, thus applying his methods to the facts of the case. Therefore, the Court finds that Dickerson's testimony is admissible pursuant to FREs 702 and 703 and the *Daubert* standard, and the motion will be denied.

**G. Plaintiff's Motion in Limine to Exclude Arguments Re: Absence of Medical Records to Insinuate Plaintiff is Withholding Information (Doc. 68)**

The Plaintiff seeks to prevent defense counsel from arguing that an absence of

medical records either proves or disproves any injury of the Plaintiff. (Doc. 68 at 2) The Plaintiff argues that any such argument would require the Plaintiff to prove a negative, which is generally not favorable at trial. (Doc. 68 at 2) In response, the Defendants argue that this issue is properly dealt with by providing a jury instruction requiring the jury to decide the case solely on the evidence before it. (Doc. 108 at 1) The Defendants also argue that they are allowed to use the circumstantial evidence of an absence of medical records to argue that the Plaintiff failed to sustain an injury if there is not a medical record to support that injury. (Doc. 108 at 2) The Court finds that a jury instruction requiring the jury to decide the case based on the evidence before the jurors is the proper way to address the issue identified by the Plaintiff. Accordingly, the motion will be denied.

### H. **Plaintiff's Motion in Limine to Exclude Evidence that Defendant Flores Was Not Injured (Doc. 69)**

The Plaintiff seeks to prevent defense counsel from arguing that Defendant Flores was not injured in the collision. (Doc. 69 at 2) The Plaintiff argues that any such argument would be prejudicial to any evidence of the Plaintiff's injuries and misleading to the jury about whether the Plaintiff suffered any injuries. (Doc. 69 at 2) In response, the Defendants argue that they should not be prevented from arguing the weight of the evidence in this case, and the Defendants argue that subjective testimony about a parties' pain or injury is generally admissible. (Doc. 109 at 1) The Defendants argue that facts related to the injuries of both parties are properly considered before the jury and will not mislead the jury. (Doc. 109 at 1–2) Thus, the Defendants argue that the motion should be denied. The Court agrees that Flores' testimony and evidence related to his injuries is relevant and admissible under FREs 402 and 403. For example, Flores' injuries are relevant to reconstructing the accident scene, the amount of force that may have been present in the collision, any events or discussions that may have taken place post-collision between the parties, and Flores' memory of the collision and the subsequent events. Accordingly, the motion will be denied.

### I. **Plaintiff's Motion in Limine to Exclude Testimony from Bio-Mechanic Douglas Moor (Doc. 76)**

| | |
|---|---|
| 1 | The Plaintiff seeks to exclude expert testimony from Douglas Moor, a bio-mechanic, |
| 2 | that the collision was minor. (Doc. 76 at 2)  The Plaintiff argues (i) Moor's testimony relies |
| 3 | on Charles Dickerson's, the Defendants' accident reconstruction expert, findings, and (ii) |
| 4 | that Moor is not qualified to testify about the Plaintiff's injuries. (Doc. 76 at 2–3)  In |
| 5 | response, the Defendants argue that Moor is a qualified expert in biomechanics, and his |
| 6 | qualifications render his testimony admissible under the *Daubert* standard and Federal |
| 7 | Rules of Evidence 702 and 703. (Doc. 116 at 2–3)  The Defendants also argue that Moor is |
| 8 | allowed to rely on the findings of Dickerson, another expert, in developing his own |
| 9 | opinions. (Doc. 116 at 3)  Thus, the Defendants argue the motion should be denied. |
| 10 | The Court denied the Plaintiff's motion in limine (Doc. 66) to exclude Charles |
| 11 | Dickerson's testimony.  Therefore, Moor's reliance on Dickerson's opinions does not |
| 12 | warrant the exclusion of Moor's testimony. *Williams v. Illinois*, 567 U.S. 50, 89 (2012) |
| 13 | (stating "Experts . . . regularly rely on the technical statements and results of other experts |
| 14 | to form their own opinions").  Separately, the Plaintiff argues that Moor is not qualified to |
| 15 | testify about the Plaintiff's injuries.  A review of Moor's resume reflects an astute expertise |
| 16 | in biomechanical engineering, but Moor's experience is completely devoid of any medical |
| 17 | education, training or licensure. (Doc. 116-1)  Accordingly, Moor will be permitted to |
| 18 | testify as to any area related to biomechanics, but Moor will not be permitted to testify about |
| 19 | any of the Plaintiff's injuries that requires the knowledge generally associated with a |
| 20 | medical professional. Accordingly, the motion will be granted in part and denied in part. |

**J. Plaintiff's Motion in Limine to Exclude Testimony from Mary Rossi (Doc. 89)**

| | |
|---|---|
| 22 | The Plaintiff seeks to exclude testimony from Mary Rossi, the Defendants' witness |
| 23 | on medical billing and records. (Doc. 89 at 2)  The Plaintiff argues that Rossi's |
| 24 | qualifications do not satisfy the *Daubert* standard because (i) Rossi did not review all of the |
| 25 | Plaintiff's medical records in her analysis, and (ii) her method for comparing medical costs |
| 26 | lacks foundation. (Doc. 89 at 2–3)  In response, the Defendants argue that Rossi's testimony |
| 27 | will consist of discussing reasonable charges for medical care, which includes  considering |
| 28 | geographic location. (Doc. 121 at 2)  The Defendants argue that Rossi's opinions reflect a |

fair comparison of the Plaintiff's medical bills to similar medical costs in the same geographic region. (Doc. 121 at 2) The Defendants argue that the motion should be denied, as all of the Plaintiff's concerns about Rossi's testimony are properly addressed during cross examination. (Doc. 121 at 2)

Again, expert testimony may be admitted if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, (2) the testimony is based upon sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. An expert opinion is reliable if based on proper methods and procedures, and the important consideration is the soundness of the expert's methodology. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence . . . [that otherwise] meets the standards of Rule 702." *Daubert*, 509 U.S. at 596. Expert opinion testimony is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline. *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

One of the facts that must be addressed by the jury is the calculation of any potential award of damages. Rossi's testimony regarding the average or comparable costs of care would assist the jury in determining an appropriate award of damages. Second, Rossi relies on MCMC's database in forming her opinions of the reasonable value of medical services. The Plaintiff does not attack the accuracy of the information in the database or argue that the database information is unreliable. Thus, under FRE 703, Rossi's testimony is based on sufficient facts or data. Third, the Court finds that comparing a sample of the Plaintiff's medical bills to the data generated by the MCMC database, while accounting for geographical location, reflects a reliable methodology. *Contreras v. Brown*, 2019 WL 2080143, at 4 (D. Ariz. May 10, 2019). Finally, Rossi uses the information from the

database, along with her experience in the medical billing field, to assess the accuracy and reasonableness of the costs of Salazar's medical treatment. Therefore, the Court finds that any specific challenges that the Plaintiff has to Rossi's testimony are properly addressed during cross-examination. Accordingly, the motion is denied without prejudice to renewed specific objections.

Accordingly,

**IT IS ORDERED** that the Defendants' motions in limine (Docs. 55, 56) are **denied without prejudice**;

**IT IS FURTHER ORDERED** that the Defendants' motion in limine (Doc. 57) is **denied as moot**;

**IT IS FURTHER ORDERED** that the Defendants' motion in limine (Doc. 58) is **granted**;

**IT IS FURTHER ORDERED** that the Defendants' motion in limine (Doc. 59) is **denied**;

**IT IS FURTHER ORDERED** that the Plaintiff's motions in limine (Docs. 66, 68, 69) are **denied**;

**IT IS FURTHER ORDERED** that the Plaintiff's motion in limine (Doc. 76) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Plaintiff's motion in limine (Doc. 89) is **denied without prejudice**.

Dated this 5th day of September, 2019.

Honorable Steven P. Logan
United States District Judge